George W. TAINTER and Carrie Tainter, Plaintiffs-Respondents,

v.

J. W. GRAHAM, d/b/a J. W. Graham, Inc., Defendant-Appellant.

No. 40035.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 1979.

Motion for Rehearing or Transfer
Denied March 16, 1979.

Thurman, Nixon, Smith, Howald, Weber & Bowles, James E. Bowles, Hillsboro, for defendant-appellant.

Herbert A. Kasten, Jr., St. Louis, for plaintiffs-respondents.

CRIST, Judge.

Breach of contract and quantum meruit.

Plaintiffs obtained a jury verdict on breach of contract in the sum of $1,000.00 and on quantum meruit in the sum of $5,100.00. Defendant complains that the jury was not properly instructed. We agree.

Plaintiffs contracted, in writing, to buy ten acres from defendant for $10,000.00, with a down payment of $1,000.00 and the balance to be paid by the plaintiffs' construction of a road for defendant at $1.50 per lineal foot. The parties disagreed as to the length of the road thereafter constructed by plaintiffs.

Plaintiffs filed suit asking (1) for the return of the down payment on the ground that defendant had failed to perform or execute the contract and (2) for the reasonable value of the road furnished to defendant under the contract.

With reference to the return of the $1,000.00, the jury was instructed as follows:

"INSTRUCTION NO. 3

Your verdict must be for plaintiffs on plaintiffs' claim for damages in Count I if you believe:

FIRST, defendant did not return the $1,000.00 deposit to plaintiffs, and

SECOND, because of such failure defendant's contract obligations were not substantially performed, and

THIRD, plaintiffs were thereby damaged, unless you believe that plaintiffs are not entitled to recover by reason of Instruction No. 5.

MAI 26.02

Offered by Plaintiffs and given by Court.

INSTRUCTION NO. 4

Your verdict must be for defendant, upon Count I of plaintiffs' petition, unless you believe each proposition submitted to you in Instruction No. 3.

MAI 33.13

Offered by Defendant and given by Court.

INSTRUCTION NO. 5

Your verdict must be for defendant, upon Count I of plaintiffs' petition, if you believe that plaintiffs failed to substantially perform their obligations under the contract mentioned in the evidence.

Not in MAI

Offered by Defendant and Given by Court."

Defendant claims that Instruction No. 3 alleges defendant's breach as the failure to return the $1,000.00 deposit. We see eye to eye with defendant on this. This instruction was, in effect, a command to the jury to return a verdict against the defendant for $1,000.00. An instruction is deficient, as here, when it fails to accurately state the nature of the alleged breach. *North County School District v. Fidelity & Deposit Co.*, 539 S.W.2d 469, 479 (Mo.App. 1976).

Plaintiffs say that any error in Instruction No. 3 was cured by defendant's Instruction Nos. 4 and 5. But not so. *Forsythe v. Starnes*, 554 S.W.2d 100, 106 (Mo. App.1977). The failure to describe the alleged breach, in plaintiffs' verdict director, was not cured by reference to another instruction. And the error was prejudicial. *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255 (Mo.banc 1967).

Defendant also complains about the breach of contract damage instruction:

"INSTRUCTION NO. 9

If you find in favor of the plaintiffs in Count I then you must award to plaintiffs the sum of $1,000.00.

MAI 4.04

Offered by Plaintiffs and given by Court."

For the reason that the giving of Instruction No. 3 was prejudicially erroneous, this complaint is moot. On retrial this damage instruction, based on MAI 4.09, should be given only if there is no dispute as to the amount of damages arising from the breach alleged in plaintiffs' verdict directing instruction.

■ Defendant also complains about the giving of plaintiffs' general damage instruction MAI 4.01 instead of the quantum meruit instruction MAI 4.04. We agree. Plaintiffs verdict director on quantum meruit, MAI 26.05, required a corresponding quantum meruit damage instruction. Rule 70.02 requires an applicable MAI instruction to be used to the exclusion of all others. *Brown v. St. Louis Public Service Co.,* 421 S.W.2d at 257.

The case is reversed and remanded for new trial on all issues.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.