**Donald K. GERARD, Respondent,**

v.

**Bette E. BAXLEY, Appellant.**

No. 45420.

Missouri Court of Appeals, Eastern District, Division Three.

March 22, 1983.

Jack C. Harper, Clayton, for appellant.

Donald K. Gerard, Clayton, for respondent.

CRANDALL, Presiding Judge.

Bette E. Baxley appeals from a judgment rendered against her, pursuant to

---

a jury verdict, and in favor of respondent Donald K. Gerard. The underlying suit was for attorney's fees arising out of respondent's representation of appellant in a dissolution proceeding. We reverse and remand in part and affirm in part.

Appellant first contends that the trial court erred by not instructing the jury on damages. Respondent submitted his case on a theory of quantum meruit. Submission to the jury on a quantum meruit verdict director "required a corresponding quantum meruit damage instruction." *Tainter v. Graham,* 579 S.W.2d 143, 145 (Mo.App.1979). In this case, the jury received no instruction on the issue of damages. Failure to use an applicable MAI instruction is reversible error where, as here, there is no clear showing that prejudice could not have resulted. *Saunders v. Flippo,* 639 S.W.2d 411, 412 (Mo.App.1982). We therefore hold that the judgment must be reversed and remanded on the issue of damages.

Appellant next contends that the trial judge erred when he made certain comments to appellant and her attorney in the presence of the jury. The comments made were admonitions to appellant and her attorney concerning their conduct during the trial. Control of trial proceedings is within the discretion of the trial judge. We have reviewed the record and find no abuse of discretion. Appellant's contention is denied.

The judgment of the trial court is reversed and remanded for retrial on the issue of damages only. In all other respects, the judgment is affirmed. Respondent's motion for damages for a frivolous appeal pursuant to Rule 84.19 is denied.

REINHARD and CRIST, JJ., concur.