Stephen JOHNS, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 52487.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Robert Wolfrum, Asst. Public Defender, St. Charles, for plaintiff-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

Movant was convicted of capital murder after a jury trial and sentenced to death. His conviction was affirmed on direct appeal by the Missouri Supreme Court in *State v. Johns*, 679 S.W.2d 253 (Mo. banc 1984) which contains a detailed discussion of the murder. Movant subsequently filed a pro se Rule 27.26 motion and counsel was appointed. An evidentiary hearing on the allegations in movant's petition was held in the Circuit Court in the City of St. Louis on June 13, 1986. On November 20, 1986 the court issued "Findings of Fact and Conclusions of Law" denying movant's petition for relief. Movant, on appeal, raises twelve points of error with sub-points which can be grouped into two broad categories. First, he contends that the hearing court erred in concluding he was not denied effective assistance of both trial and appellate counsel. Second, he challenges the procedure followed by the hearing court and his attorney in conducting the evidentiary hearing.

Our review in this case is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

Since the majority of movant's points on appeal allege ineffective assistance of counsel, the guidelines enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979) must govern our decision. In order for a convicted defendant to succeed on a claim of ineffective assistance of counsel entitling him to a reversal of a death sentence he must show, first, that counsel's performance fell below the standard of reasonable effectiveness. *Id.* 466 U.S. at 687,

104 S.Ct. at 2064. In assessing the performance of counsel the courts recognize the wide latitude given to counsel in making tactical decisions and must be highly deferential. Further, the movant must overcome the strong presumption that his attorney's conduct fell within the wide range of reasonableness, and that the actions of the attorney are considered sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065. Second, the movant must show that he was prejudiced by the alleged deficient performance. *Id.* at 692, 104 S.Ct. at 2067. The pivotal inquiry when the movant challenges a death sentence is whether there is a reasonable probability that absent the errors, the sentencer would have concluded that the balance of aggravating and mitigating circumstances did not warrant death. *Id.* at 695, 104 S.Ct. at 2069.

■ In his first point on appeal movant argues that the trial court erred when it failed to find that movant's counsel was ineffective when he failed to present certain pieces of mitigating evidence at the penalty phase of the trial. At the evidentiary hearing, counsel testified that he had considered presenting the testimony of several witnesses at the penalty phase. One of those was John Johns, movant's father or brother,[1] who would have testified as to movant's relatively trouble-free and unremarkable background. His mother would have presented similar testimony. Counsel felt that her testimony would appeal to the maternal instincts of the female jurors. Counsel had also endorsed three expert witnesses who would have testified that the death penalty is an ineffective deterrent. After he had endorsed the experts, he consulted with the public defender regarding the effectiveness of the proposed expert testimony and as a result, concluded that this testimony was marginal at best and could possibly be detrimental to movant's case. Counsel also consulted with movant regarding the proposed testimony and movant was vehemently opposed to having his mother testify and asked counsel not to present any evidence in mitiga-

tion of the death penalty. In framing his strategy counsel respected movant's wishes and at the penalty phase of trial did not present the proposed testimony.

■ We need not address the issue of whether counsel's actions were deficient since it is clear that movant suffered no prejudice as a result of his attorney's conduct. The proposed testimony of the expert witnesses was irrelevant and inadmissible at the penalty phase of the trial. *State v. Gilmore,* 681 S.W.2d 934, 941 (Mo. banc 1984). Applying the *Strickland* test to the proposed testimony of movant's relatives we find no prejudice. When a defendant challenges a death sentence, the issue is whether a reasonable probability exists, absent the alleged errors, the sentence would have concluded that the balance of aggravating and mitigating circumstances did not warrant death. *Strickland,* 104 S.Ct. at 2069. Here, movant's attorney's reason for using the testimony of defendant's mother was "there were a number of women on the jury, (and the mother's testimony would be) "to bring out the maternalistic instincts" of the jurors. Any supplication to sympathy from the jury alone is improper at the sentencing portion of the litigation. Mitigating evidence ought to be facts pertaining to the crime which would alleviate or soften the ultimate judgment. None of the proposed evidence fell within these parameters. To the contrary, the state's potent evidence clearly revealed that the movant had planned the robbery for several weeks prior to committing it. The victim, a seventeen year old high school student was found face down in a storeroom with three bullet holes in the back of his head. One of the bullets was fired from a distance of less than 6 inches. The gas station was robbed of $248 and after the murder movant bragged to acquaintances that he "never left any witnesses." *Johns,* 679 S.W.2d at 257. Balancing the questionable proposed testimony to the evidence in this case, there is no reasonable probability that the omission of

---

1. Testimony of movant's trial attorney at the 27.26 hearing revealed that he endorsed John Johns, who he believed was movant's "father or brother."

the evidence prejudiced the movant. Movant's claim fails under *Strickland.*

■ Next movant argues that the hearing court erred when it failed to find movant's counsel ineffective for failing to request an instruction submitting first degree murder. The court in *Johns* found that first degree murder is not a lesser included offense of capital murder. *Id.* at 260. Movant's counsel cannot be faulted for his failure to request or submit an erroneous jury instruction. Movant further contends that his counsel was ineffective for failing to request a second degree felony murder instruction. The proper lesser included offense to be submitted in a capital case is second degree murder. *State v. Clark,* 652 S.W.2d 123, 127 (Mo. banc 1983). Second degree felony murder is not a separate and substantive offense. *Williams v. State,* 712 S.W.2d 404, 406 (Mo.App.1986). Second degree murder was submitted to the jury in Instruction 6. Counsel's performance in this respect fell well within the bounds of reasonable performance and movant's claim of ineffective assistance of counsel fails under *Strickland.*

■ In his third point on appeal movant contends that the trial court erred when it failed to find trial counsel ineffective for failing to object to two statements made by the prosecutor in his closing argument. It is well established that the trial court has broad discretion to control closing argument and counsel has wide latitude in arguing the matter of punishment in the penalty phase of a capital murder case. Arguments on the deterrence of crime, the necessity of law enforcement and the need for society to protect itself need not have any support in the evidence and such statements may call upon common experience. *State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983). The prosecutor's statement to the jury that "[w]e're in a society where our murders have doubled in the last ten years," was made in the context of demonstrating the aptness of the death penalty as a deterrent. In this setting, we find the statement was permissible and as

such, trial counsel was not ineffective for failing to object.

■ The second "objectionable" statement made by the prosecutor was a reference made to the victim's family. The prosecution, in the course of arguing for the death penalty, asked the jury to consider the feelings of the victim's family. Taking the remark in context it would appear that such a remark was made to emphasize the senselessness and brutality of the murder which indicated the depravity that would justify the imposition of the death penalty. *State v. Newlon,* 627 S.W.2d 606, 619 (Mo. banc 1982). The making of such a statement, when viewed in light of prosecution's entire argument, could add little, if anything, to the effect on the jury of the state's substantial evidence showing the aggravated nature of the crime committed by the defendant. *State v. Jackson,* 499 S.W.2d 467, 471 (Mo.1973). We conclude that the finding of the hearing court was not clearly erroneous.

■ Fourth, movant contends that the hearing court was clearly erroneous in failing to find that the movant's trial counsel was ineffective when he mistakenly referred to the night of the murder as January 18, 1982 instead of February 18, 1982, the correct date. The mistake occurred once during trial counsel's opening statement and once on direct examination of the movant. At all other times during the trial the correct date was used. The hearing court found the error to be harmless.

When taken in context and viewed in light of the record as a whole, we find that the jury was not misled by counsel's mistaken reference to the date and no prejudice occurred. We find that the determination of the hearing court on this point was not clearly erroneous.

■ In point five movant contends that the trial court denied him a fair trial by refusing to submit an instruction warning the jury to take the testimony of two witnesses with care and caution because the evidence showed they were drug addicts. He argues that the drug addiction of the witnesses casts serious doubt on the

credibility of their testimony. Allegations of instruction error are not cognizable in a Rule 27.26 proceeding. *Newlon v. State,* 705 S.W.2d 590, 593 (Mo.App.1986); Rule 27.26(b)(3). However, in his tenth point on appeal, movant argues that his trial counsel was ineffective for failing to request such an instruction. The hearing court declined to find trial counsel ineffective for that reason.

MAI–CR2d No. 2.01 contains the only instruction on the weight and value of the evidence and the believability of witnesses. Notes on Use (2) specifically prohibits the giving of any instruction regarding the credibility of a witness, or the effect or weight of his testimony, except as specifically provided. *Williams,* 712 S.W.2d at 407. The trial court was not obliged to offer such an instruction and the hearing court's refusal to find error was not clearly erroneous. Points five and ten are denied.

■■■ Movant contends in his sixth point that the hearing court was clearly erroneous when it failed to find his counsel ineffective for failing to object to the procedure followed at the motion to suppress. He complains that his counsel improperly assumed the burden of proof and in so doing prejudiced movant in that, were it not for the actions of counsel, that evidence would not have been admitted at trial. The hearing court found that movant failed to show how a different allocation of the burden of proof would have changed the outcome of his case or how he was prejudiced.

Section 542.296.6 RSMo (1978), in effect at the time of the motion to suppress, provides that "[t]he burden of going forward with the evidence and the risk of non-persuasian shall be upon the state to show by a preponderance of the evidence that the motion to suppress shall be overruled." However, in order for movant to succeed on his claim of ineffective assistance of counsel on this point he must show that his attorney's actions did not rise to the level of reasonably effective assistance *and* that by the action of his attorney he was prejudiced. The merits of movant's motion to suppress were addressed on direct appeal

and the evidence adduced at that hearing can be found at *Johns,* 679 S.W.2d at 261.

After reviewing the record we find that even if the court had properly allocated the burden of proof the state, on cross-examination, would have elicited ample evidence by which to meet its burden. *State v. Fields,* 636 S.W.2d 76, 79 (Mo.App.1982). In addition, movant fails to offer any evidence of prejudice he may have suffered as a result of the actions of his attorney. Accordingly, we find the decision of the hearing court was not clearly erroneous.

■■■ Movant further contends that counsel was ineffective for failing to argue during the motion to suppress that the seizure of evidence from movant's house violated his Fourth Amendment rights. Instead counsel argued that the seizure violated his Fourteenth Amendment rights. The hearing court found that movant had lost his motion to suppress and that the matter was covered on direct appeal. The Missouri Supreme Court in *Johns* did, in fact, address the propriety of the search and seizure at issue and found it to withstand Fourth Amendment scrutiny. Since that court addressed the legality of the search and seizure as a Fourth Amendment issue, movant cannot now allege his attorney's error. No prejudice was incurred and the finding of the hearing court on this issue was not clearly erroneous.

■■■ Finally, in his sixth point, movant argues that trial counsel was ineffective for failing to present evidence favorable to movant at the hearing on his motion to suppress. The first item of alleged favorable evidence was the testimony of Mrs. Johns elicited at the evidentiary hearing. At that proceeding she testified that the officers conducting the search of her home had their weapons drawn. A review of the record reveals that counsel derived other favorable testimony from Mrs. Johns and Luan Bowles in the motion to suppress. Both women testified that Mrs. Johns had not given the officers permission to search the premises. Movant fails to show how the omitted evidence would have changed the outcome of his motion to suppress.

His claim of ineffective assistance of counsel fails under *Strickland.*

The second piece of favorable evidence at issue is the testimony of Detective James Scego. Movant states in his brief that Scego's testimony was "inconsistent with the testimony of Detective Nichols." Movant's statement that the testimony is "inconsistent" without more fails to apprise this court of the "wherein and why" necessary for appellate review in violation of Rule 84.04(d). "It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies." *Draper v. Aronowitz,* 695 S.W.2d 923, 924 (Mo. App.1985). Point denied.

▮ Next movant contends that the hearing court erred when it held that no evidence of conflict existed between movant and his appellate counsel. Prior to the date the decision on his direct appeal was handed down, movant filed a legal malpractice suit against his appellate counsel. Movant argues in his brief that the conflict was somehow manifested by the mere fact that counsel failed to act upon movant's concerns regarding the accuracy of the trial transcript. It appears that the thrust of movant's argument is that this conflict of interest prejudiced him in some way. Movant further contends that counsel was ineffective for failing to take affirmative action in response to movant's concerns regarding the accuracy of the transcript. The hearing court found that movant had failed to produce evidence of a conflict between himself and his appellate counsel and that counsel was not ineffective.

▮ The existence of a conflict of interest must be shown by the evidence and the burden of proof is on the movant to produce such evidence. *Maddox v. State,* 715 S.W.2d 10, 11 (Mo.App.1986). The mere existence of a possible conflict of interest does not preclude effective representation. The critical questions are whether it is likely that a conflict will arise and if so, will it materially interfere with the independent professional judgment of the lawyer in considering alternatives or courses of action that should reasonably be pursued on behalf of the client. Missouri Supreme Court Rule 4, Rule 1.7 comment. The record shows that the course pursued by appellate counsel was reasonable under the circumstances. Counsel testified that although movant had voiced concerns regarding the accuracy of the trial transcript, he chose not to pursue them as a matter of strategy. Counsel had approximately twenty-two issues to develop on appeal and felt that issues related to ineffective assistance of counsel were more appropriately raised in the context of a Rule 27.26 proceeding. Movant fails to show evidence of any conflict between himself and counsel, nor does he show how counsel's representation or independent professional judgment was adversely affected by the perceived conflict.

Movant again must fail in his ineffective assistance of counsel claim. *Strickland* allows an attorney who is the subject of a ineffectiveness claim to enjoy a strong presumption that the assistance he rendered was reasonable under the circumstances and that his action might be considered sound trial strategy. Movant fails to offer sufficient evidence, in fact he offers no evidence, to refute the presumption. Accordingly we find that counsel's conduct was reasonable under the circumstances. Points seven and eleven are denied.

▮ In his tenth point movant contends that his conviction was obtained in violation of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I of the Missouri Constitution. Movant's sentence of death was affirmed on direct appeal and a 27.26 proceeding may not be used as a second appeal. Rule 27.26 (b)(3). Point ten is denied.

▮ Movant argues that his constitutional rights were violated when the hearing court refused to allow movant to continue to proceed pro se at the evidentiary hearing. Movant initially proceeded pro se at the hearing and was instructed several times by the court to refrain from asking

.questions redundant of testimony developed at trial. When movant failed to do so the court directed his attorney to continue in the proceeding. Movant argues that under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) he has a constitutional right to proceed pro se and that his right was violated by the actions of the hearing court. Movant is correct in his contention that a litigant has a constitutional right to proceed pro se under *Faretta.* However, *Faretta* involved a pro se litigant in a criminal action. A proceeding for post-conviction relief under Rule 27.26 is an independent civil proceeding, and is governed by law applicable to civil cases. A litigant in a civil action has the right to proceed pro se but is bound by the same rules and procedures as those admitted to practice law and are entitled to no indulgence they would not have received if represented by counsel. *Boyer v. Fisk*, 623 S.W.2d 28, 30 (Mo.App.1981). The record shows that movant, in the course of proceeding pro se, repeatedly ignored the admonitions of the court to conform his examination of witnesses to matters appropriate for post-conviction relief. Additionally, no objection was offered by the movant or his attorney, when the judge ordered the attorney to proceed with the examination. Control of the proceedings is within the sound discretion of the hearing court. *Gerard v. Baxley*, 648 S.W.2d 930, 931 (Mo.App.1983). We find no abuse of discretion.

■ In his final point movant claims that he was denied due process and equal protection of the laws when the hearing court denied his motion for continuance made on the morning of the evidentiary hearing. Movant sought continuance in order to secure the testimony of several witnesses. The decision whether to grant a continuance rests largely in the discretion of the trial court and the ruling of that court will not be disturbed absent an abuse of discretion. *Phillips v. State*, 639 S.W.2d 270, 275 (Mo.App.1982). In this case movant filed his Rule 27.26 motion on March 20, 1985, his cause was continued twice and the evidentiary hearing was set for June 13, 1986. The morning of the evidentiary hearing movant filed a motion for continuance and it was denied by the hearing court. The court has the right to control its docket and whether sufficient reason is shown to justify a continuance is to be determined by the trial court. *Inloes v. Inloes*, 567 S.W.2d 732, 735 (Mo.App.1978). Here, movant had fifteen months to secure the testimony he desired. Under the circumstances, we find that the denial of movant's request for continuance was reasonable and not an abuse of discretion.

The findings of the hearing court are affirmed.

STEPHAN, P.J., and DOWD, J., concur.