STATE of Missouri, Plaintiff–Appellant,

v.

**Rhonda L. TIPTON,
Defendant–Respondent.**

STATE of Missouri, Plaintiff–Appellant,

v.

**Terrence K. TIPTON,
Defendant–Respondent.**

Nos. 16810, 16811.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1990.

C. Blake Wolf, Joplin, for plaintiff-appellant.

Edward G. Farmer, Jr., Joplin, for defendants-respondents.

PER CURIAM.

By separate informations filed in the Circuit Court of Jasper County, Rhonda L. Tipton and Terrence K. Tipton were

charged with delivery of more than five grams of marihuana to one Vernon Moss, in violation of § 195.211.2, RSMo.Cum. Supp.1989. Rhonda and Terrence, to whom we shall refer as the defendants, filed identical motions to suppress evidence. The trial court sustained the motions. The State appealed pursuant to § 547.200.1(2), RSMo 1986.

A little of the background of the appeals must be stated. After they had been charged, both defendants filed motions to suppress evidence, alleging that they were moving for an order suppressing evidence "taken from the person and premises in which the defendants had a superior right or interest." It was further alleged, in broad and conclusional language, that: 1) the search and seizure were made without warrant or other lawful authority; 2) the arrest, if any, was illegal, unconstitutional and unreasonable because at the time the claimed arrest was made no offense was being committed in the officers' presence, the arrest was made without probable cause, the officers had no warrant for arrest and/or the arrest came after the search and seizure; 3) the search was general in nature and went beyond the area of arrest, for the search and seizure were made without probable cause, and there were no exigent circumstances justifying or authorizing the search and seizure; 4) the search and seizure were made for other than the fruits of the offense for which the arrest was made, and not for the officers' protection; 5) the officers were not making a reasonable and bona fide inventory of inspection but were making a warrantless search and seizure; 6) no consent was given to the search; 7) the items were not in plain view of the officers and were at the place they had a lawful right to be. The motion incorporated a list of items seized from the defendants, which included: 1) a white metal box containing (a) nine plastic bags; (b) three plastic bags of plant material; (c) one pair of scissors; (d) one pair (?) of hemostats; (e) 18 hand-rolled cigarette butts; (f) two packages of cigarette papers; and (g) loose plant material. Further items included in the defendants' list were: 2) a plastic bag containing two other bags of plant material; and 3) another plastic bag containing two bags of plant material.

When the motions came on for hearing, the following proceedings took place:

\*     \*     \*     \*     \*     \*

"THE COURT: Mr. Farmer, I think you've been waiting about the longest?

MR. FARMER: We have filed a motion to suppress the evidence.

\*     \*     \*     \*     \*     \*

THE COURT: Uh, is this same motion in both cases?

MR. FARMER: Yes. We filed, uh, just the one motion and added both parties, Your Honor. The evidence would be the same in both.

THE COURT: All right. Can we have the hearings both at the same time?

\*     \*     \*     \*     \*     \*

THE COURT: Okay. Yeah, bring them both up. I understand it's agreeable to have these, the hearing on Motion to Suppress on both cases at the same time, is that correct, Mr. Farmer?

MR. FARMER: Yes, Your Honor.

THE COURT: All right. Is the State ready to proceed?

MR. WOLF: Uh, yes, Judge.

THE COURT: All right. You may call your first witness.

MR. WOLF: Are you directing that to me, Judge?

THE COURT: Yes, I certainly am.

MR. WOLF: Okay. Uh, I don't have any witnesses here. It's my understanding from reading the cases that Mr. Farmer has got the burden to go forward in this now. That's—

THE COURT: Does the State have anything to present?

MR. WOLF: No, Judge. If, if the burden's ours, then I'll, uh, I'd be asking the Court for a continuance.

THE COURT: Why should there be any continuance? I mean, this is a case—I can look at the file—this is a case that's been pending since October the 27th. On October the 27th the State should have known they were going to

have to comply with discovery upon the request of the Defendant.

\* \* \* \* \* \*

*Now, I will grant you that you can find some Southern District cases which says that the, the, uh, Defendant has a burden of going forward on a motion to suppress evidence. You can also find Eastern and Western District cases which says it's the State. You can also find numerous federal cases, uh, which say the other thing when the federal Constitution is involved.*

*This is nothing new. In the last 20 years in this county that I'm aware of, the State has always had the burden of going forward on these motions to suppress. So why should there be any continuance?* [Emphasis added.]

MR. WOLF: Well, Judge, I'm not familiar, I, I'm not familiar with how the Court's been in this county. I, I just have, in reviewing this case and reading some cases, it's my understanding that, uh, the Defendant, uh, is proponent of the motion and it's their burden to go forward with it. And I don't, I don't have any witnesses subpoenaed.

THE COURT: What are you asking to suppress here, Mr. Farmer, that stuff taken from the residence—

MR. FARMER: Yes.

THE COURT: —or that involved in the delivery?

MR. FARMER: Everything was taken from the residence—and in the delivery, too. I, I, the, it's, the facts are somewhat com— —uh, but we, we're asking that all of the evidence that we listed on Exhibit A be suppressed.

THE COURT: Well, there's a Missouri statute specifically setting forth who has the burden of persuasion and the burden of coming forward on these things.

I've made this entry in both cases, same entry in both cases. Uh, I'll read the one in Rhonda Tipton's case, and other than the gender of 'hers' and 'his,' it's the same entry: 'Defendant appears in person with her attorney, Ed Farmer. State appears by Assistant Prosecuting Attorney Blake Wolf. Motion to Sup-

press taken up. State presents no evidence. Motion sustained, and all evidence listed on Exhibit A in the motion is suppressed.' "

\* \* \* \* \* \*

Very recently, in *State v. Milliorn,* 794 S.W.2d 181 (Mo.banc 1990), our Supreme Court considered the "inevitable discovery" exception to the Fourth Amendment warrant requirement in the context of an inventory search. The trial court's decision to apply the exclusionary rule depended upon the credibility of the officer who made the search and seizure. The trial court did not believe the officer and sustained a motion to suppress, in part. Among other things, the State urged that *State v. Yowell,* 513 S.W.2d 397, 402 (Mo. banc 1974), requires a criminal defendant to bear the burden of producing probative evidence in support of his motion to suppress. Because Milliorn failed to produce such probative evidence, the State argued that the trial court erred in suppressing the evidence. In response to the State's argument, our Supreme Court held:

"*Yowell* does not control this case. Subsequent to this Court's decision in *Yowell,* Section 542.296, RSMo 1986, took effect. Section 542.296 created new law; it did not have a statutory antecedent. By its clear language Section 542.296.6 places 'the burden of going forward with the evidence and the risk of nonpersuasion' on the state 'to show by a preponderance of the evidence that the motion to suppress should be overruled.' The language of Section 542.296.6 is therefore consistent with cases holding that warrantless searches are presumptively unreasonable and the burden of placing the search within an exception to the warrant requirement falls on the State. *State v. Olds,* 603 S.W.2d 501, 506 (Mo.banc 1980). The State's point is denied."

*State v. Milliorn,* at 184–85. Also see *State v. Fitzgerald,* 781 S.W.2d 174 (Mo. App.1989); *State v. Mantle,* 779 S.W.2d 357 (Mo.App.1989); *State v. Canton,* 775 S.W.2d 352 (Mo.App.1989), and *Johns v. State,* 741 S.W.2d 771 (Mo.App.1987).

In this case, it is not necessary to decide the substantive standards by which the admissibility of evidence is to be determined when admitted at trial. The motion to suppress in this case alleged that the specified articles were taken from the person of the defendants and premises in which they had an interest and were seized without a warrant. The unambiguous meaning of § 542.296.6 is that the State had the burden of going forward with the evidence to establish that this motion, which stated a factual basis for suppression, should be overruled. This would include evidence the defendants had "no standing" to make the complaints registered. The State failed to do so. The judgment of the trial court is affirmed.

FLANIGAN, P.J., not sitting.

HOGAN, Judge, dissenting.

I dissent. There can be no doubt that decisions of our Supreme Court en banc are controlling on all subordinate tribunals, including this court, but I do not believe *State v. Milliorn*, 794 S.W.2d 181 (Mo.banc 1990), was intended to relieve the defendant of his burden to show that he was "a person aggrieved by an unlawful seizure" within the meaning of § 542.296.1. Indeed, it seems to me that in *State v. McCrary*, 621 S.W.2d 266, 272–73 (Mo.banc 1981), our Supreme Court took the position that the proponent of a motion to suppress evidence has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. In my view, the teaching of *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1979), is that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. The court went on to say that a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Rakas v. Illinois*, 439 U.S. at 134, 99 S.Ct. at 425. If the defendant is not "aggrieved" by an unlawful seizure, he may neither have the

evidence suppressed nor have it returned as provided by § 542.296.7. It is true that § 542.296.6 imposes both the burden of going forward with the evidence and the risk of nonpersuasion on the State, but reading the statute as a whole, the defendant must show preliminarily that he has been "aggrieved" by an unlawful seizure.