Larry D. BITTICK, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60885.

Missouri Court of Appeals,
Western District.

April 1, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 27, 2003.

Kent E. Gipson, Assistant State Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT ULRICH, Judge.

Larry D. Bittick ("Mr. Bittick") appeals the judgment of the motion court denying his *pro se* motion to disqualify appellate defender as his appointed counsel, to proceed *pro se*, and striking his amended Rule 29.15 motion. Mr. Bittick raises two points on appeal. He claims his appointed counsel had an inherent conflict of interest because he asserts that his appellate and postconviction motion counsel were affiliated with the same office, and he claimed in his motion that the requisite standard of representation pre- and postconviction motion was breached. Mr. Bittick claims as his second point that he has the right to reject appointed counsel and proceed *pro se*. The judgment of the motion court denying Mr. Bittick's motion to disqualify appointed counsel and strike his amended Rule 29.15 motion is reversed and the case is remanded with directions to the motion court to allow Mr. Bittick to proceed *pro se* at his postconviction relief hearing.

### Factual and Procedural History

Mr. Bittick was charged with information in the Circuit Court of Platte County with one count of Class B felony of assault of a law enforcement officer in the second degree, section 565.082, RSMo 1994, and three counts of assault in the second degree, section 565.060, RSMo 1994. A jury found Mr. Bittick guilty of all charges. He was sentenced to fifteen years of imprison-

ment on Count I and five years imprisonment and a fine on Counts II through IV, to be served consecutively. Mr. Bittick appealed his conviction. This court affirmed his convictions and sentences on September 1, 2000. *State v. Bittick*, 39 S.W.3d 927 (Mo.App. W.D.2000). Mr. Bittick filed a timely *pro se* Rule 29.15 motion to vacate, set aside or correct the judgment or sentence on November 6, 2000. The motion court appointed counsel from the Western Appellate Defender Office to represent Mr. Bittick in his postconviction relief action on November 7, 2000. Tara Jensen ("Ms.Jensen"), Assistant Appellate Defender, entered her appearance in the case on November 30, 2000. At the same time, Ms. Jensen requested a 30–day extension of time to file an amended 29.15 motion. This request was granted on December 1, 2000.

Mr. Bittick filed a *pro se* letter with the motion court expressing his dissatisfaction with the court's order to appoint a Western District Appellate Defender to his case because he believed that Ms. Jensen had a conflict of interest. The same public defender's office represented him on direct appeal. In the letter, Mr. Bittick requested that the motion court appoint him new counsel. On February 5, 2001, Ms. Jensen filed an amended motion for postconviction relief. Mr. Bittick filed a complaint with the Office of the Chief Disciplinary Counsel claiming that Ms. Jensen had a conflict of interest. Mr. Bittick filed a *pro se* Motion to Disqualify Appellate Defender and Strike Amended Rule 29.15 Motion on April 17, 2001. In his motion, Mr. Bittick claimed that Ms. Jensen had a conflict of interest and asked that she be disqualified from representing him. He also requested the motion court to allow him to proceed *pro se* at the 29.15 hearing. Mr. Bittick's final request was that the motion court strike the amended 29.15 motion that Ms. Jensen filed on February 5, 2001.

The 29.15 motion was set for hearing on November 7, 2001. At the hearing, Mr. Bittick filed another *pro se* amended Rule 29.15 motion. The motion court denied Mr. Bittick's motion to disqualify the public defender and strike his amended Rule 29.15 motion. A hearing was conducted thereafter. On November 29, 2001, the motion court issued a judgment denying Mr. Bittick postconviction relief on all claims. This appeal followed.

Mr. Bittick raises two points on appeal. In his first point, Mr. Bittick contends that the motion court erred in denying his *pro se* motion to disqualify his postconviction motion counsel and strike his amended Rule 29.15 motion because postconviction motion counsel had a conflict of interest in that: (a) she and Mr. Bittick's direct appeal counsel were from the same public defender's office and that relationship adversely affected her performance of advancing ineffective assistance of direct appeal counsel claims; and (b) Mr. Bittick's *pro se* motion criticized the appellate defender's office as being ineffective because of its heavy case load. He claims that his postconviction relief motion counsel's conflict deprived him of his Sixth and Fourteenth Amendment rights to litigate his postconviction motion with counsel unencumbered by a conflict of interest. Mr. Bittick's second point, which is dispositive in this case, claims that the motion court erred in denying his *pro se* motion to disqualify his appointed postconviction relief motion counsel and not striking the amended Rule 29.15 motion that she filed on his behalf because as a civil litigant, he had a right under state law, the United States Constitution and common law to proceed *pro se* if he voluntarily and intelligently chose to do so. He asserts that the motion court's failure to allow him to proceed *pro se* denied him the right to control the course of the litigation and meaningful

access to the courts as guaranteed by the Fourteenth Amendment.

## Right to Self–Representation in a Rule 29.15 Hearing

As Mr. Bittick's second point is dispositive, it is the only point that will be addressed on appeal. In his second point, Mr. Bittick argues that a postconviction relief applicant has the right to dispense with court-appointed counsel and proceed *pro se* at a postconviction relief hearing if he voluntarily and intelligently chooses to do so. Mr. Bittick claims that the Sixth and Fourteenth Amendments to the United States Constitution guarantee his right to self-representation. He also contends his due process right to meaningful access to the courts was violated when the motion court denied his motion to disqualify postconviction relief counsel and proceed *pro se*. The State counters that Mr. Bittick is not entitled to represent himself at a postconviction proceeding because a criminal defendant's right to self-representation solely applies to criminal cases. Additionally, the State contends that a postconviction relief applicant does not have a right to proceed *pro se* because Rule 29.15 does not contain such a provision.

This is an issue of first impression in the State of Missouri. The question presented is whether an indigent incarcerated postconviction relief applicant has the right to dispense with court-appointed counsel and proceed *pro se* if the applicant voluntarily and knowingly chooses to do so. The United States Supreme Court has held that a defendant has a Sixth Amendment right to self-representation when the defendant knowingly and intelligently acts to proceed *pro se* in a criminal proceeding. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The Supreme Court has not determined whether an incarcerated postconviction motion civil litigant has the same right to self-representation.[1]

A postconviction relief hearing is a civil proceeding governed by the rules of civil procedure whenever applicable. *State v. Basile*, 942 S.W.2d 342, 362 (Mo. banc 1997) (citation omitted); Rule 29.15(a). There is no constitutional right to counsel

---

1. Although the Supreme Court has not addressed the issue, some states have addressed the issue. For those states allowing a defendant to proceed *pro se* at a postconviction hearing, see: *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105, 112 (2002) (noting that there is "no absolute requirement of appointment of counsel in postconviction cases, and the defendant has the right of self-representation"); *Owens v. State*, 578 N.W.2d 542, 548 (N.D.1998) (recognizing that a postconviction relief "applicant [has a] right to proceed *pro se* in a post-conviction relief proceeding if the applicant knowingly and intelligently elects to do so"); *Cole v. State*, 798 S.W.2d 261, 263 (Tenn.Crim.App.1990) (holding that a postconviction applicant has a common law right to self-representation even though the applicant does not have a constitutional nor a statutory right to self-representation in a postconviction proceeding); *Medlock v. State*, 547 N.E.2d 884, 887 (Ind.Ct.App.1989) (allowing a defendant to proceed *pro se* at a postconviction hearing but denying his request for standby counsel); and *McCracken v. State*, 518 P.2d 85, 91–92 (Alaska 1974) (holding that a postconviction relief applicant has a right to self-representation as long as: (1) the trial court determines that a defendant is "capable of presenting his allegations in a rational and coherent manner"; (2) the trial court determines that the defendant "understands precisely what he is giving up by declining the assistance of counsel"; and (3) the trial court should provide the "option of having legal counsel available for consultation"). For those states denying a defendant the right to proceed *pro se*, see: *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990) (holding that a trial court has the "discretion to deny a postconviction relief applicant's request to dispense with counsel"); and *In re Chapman*, 155 Vt. 163, 581 A.2d 1041, 1043–44 (1990) (holding that the right of self-representation does not apply in a postconviction relief proceeding).

in a post-conviction proceeding. *Krider v. State*, 44 S.W.3d 850, 859 (Mo.App. W.D. 2001) (citing *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992)) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). "It is within the 'substantial discretion' of the states to determine post-conviction procedures." *Smith v. State*, 887 S.W.2d 601, 602 (Mo. banc 1994) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S.Ct. 1990, 1995, 95 L.Ed.2d 539 (1987)). In Missouri, Rule 29.15 governs postconviction relief motions filed after a trial. Under Rule 29.15(e), "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." Although postconviction relief counsel is not constitutionally required, counsel is automatically appointed to indigent defendants that file a Rule 29.15 motion. In order to trigger Rule 29.15(e), an indigent defendant must file an affidavit of indigency with the Rule 29.15 motion. *Chalk v. State*, 990 S.W.2d 87, 88 (Mo.App. E.D. 1999) (holding that it was not error for the motion court to fail to appoint counsel to Rule 29.15 applicant when applicant failed to file an affidavit of indigency).

■ Mr. Bittick claims that his right to proceed *pro se* at the postconviction hearing is guaranteed by state law and the Sixth Amendment. He cites, however, no state law to support such a proposition. No state law guaranteeing a defendant's right to proceed *pro se* at a postconviction hearing exists. Likewise, the Sixth Amendment does not guarantee such a right. By its wording, the Sixth Amendment applies to criminal actions only. *State ex rel O'Brien v. Ely*, 718 S.W.2d 177, 182 (Mo.App. W.D.1986) (noting that the Sixth Amendment right to counsel does not apply to civil cases). A postcon-

viction relief hearing is, however, civil in nature. The Sixth Amendment does not apply to civil actions. *Id.*

Mr. Bittick also relies on case law to support his contention that a postconviction applicant has a right to reject counsel appointed under 29.15(e) and proceed *pro se.* He claims that *Johns v. State*, 741 S.W.2d 771, 778 (Mo.App. E.D.1987) governs the outcome in this case.[2] In *Johns,* a defendant convicted of capital murder and sentenced to death filed a *pro se* Rule 27.26 motion. *Id.* at 773. Although counsel was appointed, the court allowed the defendant to proceed *pro se* at the evidentiary hearing. *Id.* at 777. The hearing court subsequently revoked the defendant's ability to proceed *pro se* because he failed to comply with repeated requests to refrain from asking questions redundant of testimony developed at trial. *Id.* at 777–78. The defendant appealed claiming that the hearing court abused its discretion in revoking his ability to proceed *pro se.* On appeal, the court held that a Rule 27.26 proceeding for postconviction relief was "an independent civil proceeding, and is governed by law applicable to civil cases." *Id.* at 778. "A litigant in a civil action has the right to proceed pro se but is bound by the same rules and procedures as those admitted to practice law and [is] entitled to no indulgence [he or she] would not have received if represented by counsel." *Id.* The appellate court held that because the defendant failed to heed the hearing court's admonitions and "[c]ontrol of the proceedings is within the sound discretion of the hearing court[,]" the hearing court did not abuse its discretion by revoking the defendant's ability to proceed *pro se* and ordering the defendant's standby counsel to step in and finish the hearing. *Id.*

**2.** Mr. Bittick claims that *State v. McMillin*, 783 S.W.2d 82, 89–91 (Mo. banc 1990), im-

plicitly stands for the same proposition. This case is inapposite and not addressed here.

Mr. Bittick claims that *Johns* stands for the proposition that he had a right to discharge his appointed counsel and proceed *pro se* at the Rule 29.15 hearing. The State contends that *Johns* does not recognize a defendant's constitutional right to self-representation in a Rule 29.15 hearing. At a minimum, *Johns* is precedent for the proposition that a Rule 29.15 applicant may proceed *pro se*. Rule 27.26 was the precursor to Rules 29.15 and 24.035. If a defendant could proceed *pro se* at a Rule 27.26 postconviction hearing, then a defendant should be able to proceed *pro se* at a Rule 29.15 postconviction hearing. Civil case law supports, moreover, the proposition that a civil litigant may proceed *pro se*. *See Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 239 (Mo.App. E.D.2000) (noting that "a layman may represent himself in legal proceedings"); *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 556 (Mo.App. E.D.1997) (noting that a civil litigant had "every right to proceed *pro se*"); *Boyer v. Fisk*, 623 S.W.2d 28, 30 (Mo.App. E.D.1981) (noting that it is the civil litigant's right to refrain from retaining counsel and proceed *pro se*); *Parker v. Wallace*, 473 S.W.2d 767, 773 (Mo.App.1971) (recognizing that "the plaintiff is not trained as a lawyer, and that he has the right ... to try and appeal his own case"). Absent statute or court rule to the contrary, Rule 29.15 motions are no different than other civil litigation. Several cases have come before Missouri appellate courts where a defendant proceeded *pro se* on appeal from the denial of a postconviction relief motion. *See O'Dell v. State*, 835 S.W.2d 548, 551 (Mo.App. S.D.1992); *Riley v. State*, 545 S.W.2d 711, 712 (Mo.App.1976). Surely if a defendant may proceed *pro se* on appeal from the denial of defendant's postconviction relief motion, a defendant can proceed *pro se* at a postconviction relief hearing.

The State asserts that Mr. Bittick is not entitled to dismiss his appointed counsel and proceed *pro se* at a Rule 29.15 hearing because none of Rule 29.15's provisions provide that he can do so. The only two provisions addressing appointed counsel are Rule 29.15(e) and (f). Rule 29.15(e) mandates the motion court to appoint counsel for an indigent movant that files a *pro se* motion. Rule 29.15(f) allows appointed counsel to withdraw. Because Rule 29.15 does not address whether an indigent defendant may disqualify counsel and proceed *pro se*, the State claims that an indigent defendant does not have a right to do so. The State argues that the Supreme Court could have included a provision similar to Rule 29.16(a) if it intended to allow indigent defendants to proceed *pro se*.[3] The State contends that the fact that Rule 29.15 does not include such a provision establishes that the Supreme Court did not intend for indigent defendants to disqualify appointed counsel and proceed *pro se* in a Rule 29.15 postconviction hearing. Nothing in Rule 29.15 supports such an interpretation, nor does the State refer to any cases to support this contention.

■ In interpreting Rule 29.15, "the same standards as those used in the construction of statutes" is used. *Rohwer v. State*, 791 S.W.2d 741, 743 (Mo.App. W.D. 1990). The appellate court's role is "to ascertain the intent of the framers of the

---

**3.** Rule 29.16(a) provides, in pertinent part:

If movant seeks to reject the appointment of counsel, the court shall find on the record, after a hearing if necessary, whether the movant is able to competently decide whether to accept or reject the appointment and whether the movant rejected the offer with the understanding of its legal consequences. Unless the movant is so competent and understands the legal consequences, movant shall not be permitted to reject the appointment of counsel.

rule from the language used, and to give effect to that intent. To do so, the words of the rule are considered in their plain and ordinary meaning." *Id.* The plain and ordinary meaning of Rule 29.15(e) is to mandate the appointment of counsel when an indigent defendant files a *pro se* motion. Nothing in subsection (e) precludes a defendant from disqualifying appointed counsel and proceeding *pro se.* One cannot infer from Rule 29.15 that the framers intended to prohibit an indigent incarcerated litigant from proceeding *pro se.* Without express language precluding an indigent incarcerated litigant from self-representation, the denial of self-representation will not be inferred. Similarly, the fact that the framers omitted an express provision that an indigent defendant may dismiss appointed counsel and proceed *pro se* does not necessarily indicate that the rule intends denial of such option. To determine otherwise effectively compels indigent defendants to accept the court's appointed counsel.

Compulsory acceptance of appointed counsel is not normative. Historically, litigants exercised a choice of self-representation or attorney representation. *Faretta,* 422 U.S. at 824, 95 S.Ct. 2525 (describing our country's long history of allowing litigants to represent themselves). To find that Rule 29.15(e) compels an indigent defendant to accept counsel when he or she desires to proceed *pro se* is a radical departure from routine civil and criminal practice. Had the Missouri Supreme Court intended to alter historical precedent and eliminate self-representation in 29.15 proceedings, the Supreme Court Rules would expressly say it. They do not. The absence of authority in the rule precluding one from representing him or herself coupled with the history of civil litigants exer-

cising the choice whether to represent themselves supports the conclusion that indigent defendants are not required to accept appointed counsel under Rule 29.15(e) and may proceed *pro se* in a Rule 29.15 postconviction hearing. Thus, Mr. Bittick had a right to represent himself and proceed *pro se* at his Rule 29.15 hearing.[4]

 Although an incarcerated indigent may represent himself, one choosing to do so accepts certain disadvantages. Inherent problems attend an indigent incarcerated defendant proceeding *pro se* in a 29.15 motion. Because a Rule 29.15 motion is a civil proceeding, an indigent incarcerated defendant has no right to be present at the hearing under either the rule or the constitution. *Basile,* 942 S.W.2d at 362 (citing *Leisure v. State,* 828 S.W.2d 872, 878 (Mo. banc 1992); *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992)). An indigent defendant proceeding *pro se* cannot, therefore, compel the motion court to allow him to be present during the hearing. Rule 29.15(i) provides in pertinent part:

> At any hearing ordered by the court the movant need not be present. The court may order that testimony of the movant shall be received by deposition.

A *pro se* litigant who is not present at a Rule 29.15 hearing obviously can not address the court or cross-examine witnesses. The inability of a *pro se* litigant to cross-examine a witness in a Rule 29.15 hearing does not violate the confrontation clause. "The confrontation clause does not apply to a postconviction relief hearing." *Leisure,* 828 S.W.2d at 878 (citing *Cain v. State,* 780 S.W.2d 66, 67 (Mo.App. E.D. 1989)). A *pro se* litigant is, moreover, "held to the same standards as [a] licensed

---

4. Because the motion court denied Mr. Bittick the right to represent himself and pro-

ceed *pro se,* he was denied meaningful access to the courts.

attorney[ ]." *Portwood–Hurt v. Hurt,* 988 S.W.2d 613, 618 (Mo.App. W.D.1999). A *pro se* litigant is "entitled to no indulgence [he or she] would not have received if represented by counsel." *Johns v. State,* 741 S.W.2d 771, 778 (Mo.App. E.D.1987). A *pro se* litigant must follow the same rules and procedures as counsel. *Id.* Although appellate courts recognize the problems faced by *pro se* litigants, they cannot "relax [the] standards for non-lawyers." *State v. Winrod,* 68 S.W.3d 580, 586 (Mo.App. S.D.2002) (citing *Hardin v. State,* 51 S.W.3d 129, 131 (Mo.App. W.D. 2001)). "This principle is not grounded in a 'lack of sympathy but rather is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.'" *Manning v. Fedotin,* 64 S.W.3d 841, 846 (Mo.App. W.D.2002) (quoting *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App. S.D.1999)). When a litigant proceeding *pro se* at a Rule 29.15 hearing does not follow the rules, harsh consequences can result. Accordingly, an indigent defendant proceeding *pro se* on a Rule 29.15 motion should understand the significance of rejecting appointed counsel.

For the reasons stated in the opinion, the judgment of the motion court is reversed, and the case is remanded with directions to the motion court to allow Mr. Bittick to proceed *pro se* on his Rule 29.15 motion.

All concur.