

# Missouri Court of Appeals

## Southern District

### Division One

ANN MARGARET WILLIAMS, )
)
    Movant-Appellant, )
)
v. )    No. SD34223
)
STATE OF MISSOURI, )    **Filed: Nov. 10, 2016**
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura J. Johnson

## REVERSED AND REMANDED

Ann Margaret Williams ("Movant") was convicted after a jury trial in 2011 for promoting prostitution in the first degree and endangering the welfare of a child in the first degree. *See* sections 567.050 and 568.045.[1] Movant now appeals the "judgment" denying her amended motion for post-conviction relief ("the amended motion") after an evidentiary hearing. *See* Rule 29.15(k). Her sole point claims the motion court erred in

---

[1] Movant's convictions were affirmed on direct appeal in an unpublished opinion. *State v. Williams*, No. SD31560, slip op. at 1 (Mo. App. S.D. Feb. 8, 2013) (*per curiam*). References to section 567.050 are to RSMo 2000, and references to section 568.045 are to RSMo Cum. Supp. 2006. All rule references are to Missouri Court Rules (2016).

1

finding her trial counsel not ineffective for "failing to make an offer of proof when the trial court sustained objections to questioning about appellant's past."

We cannot reach the merits of Movant's claim because we cannot determine from the record whether the amended motion was timely filed. The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

**Procedural History**

The mandate affirming Movant's conviction was issued on February 26, 2013. Her *pro se* motion was timely filed on May 24, 2013. *See* Rule 29.15(b). The *pro se* motion alleged five separate claims for vacating Movant's convictions based upon allegations of: (1) evidence that the victim recanted some testimony; (2) a biased jury; (3) the denial of a change in venue; (4) the failure to present five witnesses on Movant's behalf; and (5) insufficient evidence that Movant promoted prostitution. In her *pro se* motion, Movant requested leave to proceed *in forma pauperis*, and she completed a supporting affidavit attesting to her inability to pay the costs of her motion and declaring her entitlement to "relief as a poor person."

The next recorded activity on the docket sheets is the May 31, 2013 entry of an "Order of Notification" ("the notification order"). The notification order does not appear in either the legal file or the trial transcript, no other docket entry expressly references the appointment of counsel, and the legal file does not contain any written order of appointment. The next activity listed in the docket sheets is the filing of an entry of appearance by "STEPHEN J HARRIS" ("Movant's counsel") on July 18, 2013. A copy of that written entry of appearance is not included in the legal file.

2

A docket entry dated September 17, 2013 notes: "Took file to Judge to look at order for additional time to file amended motion."[2] Counsel for the State entered an appearance. The next docket entry, dated September 23, 2013, bears the heading "**Order**" and a subheading of "**Amended Motion/Petition Filed**[,]" but it contains no other information. The amended motion in the legal file bears a file-stamp date of September 23, 2013 next to a file-stamp date of September 16, 2013 that has been crossed-out.

As earlier noted, the amended motion raises a single claim: Movant received ineffective assistance of counsel when "Movant's trial counsel failed to make an offer of proof when the trial court sustained the [p]rosecutor's objections to direct examination questioning about her past which may support her defense of lack of knowledge of the sexual abuse perpetrated by" a third party against the victim.

The transcript of the evidentiary hearing identifies Movant's counsel as a member of the "State Public Defender System[.]" The findings of fact and conclusions of law in the judgment denying the amended motion stated that "[c]ounsel was appointed by this Court and Movant's appointed counsel timely filed [the amended motion]." While the findings of fact included specific date references for the issuance of the mandate and the filing of the *pro se* motion, no dates for the appointment of counsel, an extension of time to file an amended motion, or the filing of the amended motion were included. Movant's notice of appeal identified the address for Movant's counsel as the "Office of State Public Defender[.]"

---

[2] This entry bears the initials "bss[.]"

3

## Timeliness of the Amended Motion

"Before addressing the merits, we are compelled under ***Moore v. State***[, 458 S.W.3d 822, 826 (Mo banc 2015),] to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party." ***Childers v. State***, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). Rule 29.15(e) requires the motion court to appoint counsel "[w]hen an indigent movant files a pro se motion" for post-conviction relief. The "automatic" appointment of counsel is triggered by the indigent movant's filing of "an affidavit of indigency with the Rule 29.15 motion." ***Bittick v. State***, 105 S.W.3d 498, 502 (Mo. App. W.D. 2003). Rule 29.15(g) provides, *inter alia*:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the *earlier* of: (1) the date both the mandate of the appellate court is issued and *counsel is appointed* or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by *any counsel that is not appointed* but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

(Emphasis added.)

Movant states in her brief that counsel's request for an extension of time for filing the amended motion was granted. The State responds that "[a]ppointed counsel made an entry of appearance on July 18, 2013, and, on the same day, requested an extension of 30 days in which to file an amended motion." Although the legal file does not include such a request, we may treat the parties' agreement in their briefs that there was one as though the request were a part of the record. *See **Rogers v. Hester ex rel. Mills***, 334 S.W.3d 528, 541 (Mo. App. S.D. 2010). Generally, however, we do not presume that an extension under Rule 29.15 was granted. *Cf., **Frazee v. State***, 480 S.W.3d 442, 445 (Mo.

4

App. W.D. 2016) (a motion for an extension of time may be routinely granted, but we do not presume that it was granted in the absence of such a record). Even if we could so presume, it would be of no avail because the record in this case does not provide any support for the motion court's determination that the amended motion was timely filed.

The calculation of when an amended motion is due is controlled by the *earlier* of: (1) the date counsel is appointed *or* (2) the date "*counsel that is not appointed . . . enters an appearance*[.]" *See* Rule 29.15(g) (emphasis added). Here, the record does not indicate that Movant's counsel was not appointed. Movant's *in forma pauperis* affidavit filed with her *pro se* motion attested to her indigency, and this circumstance triggered the necessity of the appointment of counsel. *See Bittick*, 105 S.W.3d at 502 and Rule 29.15(e). The public defender is typically appointed in such instances, *see Bennett v. State*, 88 S.W.3d 448, 450 (Mo. banc 2002), and Movant's counsel is identified with the public defender's office. Nonetheless, there is no date of appointment identified in the record, and the parties do not represent and agree in their briefs upon a particular date for such an appointment. If counsel was appointed in the notification order on May 31, 2013, then the extended time for filing the amended motion would have expired on August 29, 2013, rendering an amended motion filed on September 23, 2013 untimely.

Moreover, if the amended motion was untimely filed, we cannot tell from the record before us whether Movant's counsel, in missing the deadline, had abandoned Movant. "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff* [*v. State*, 807 S.W.2d 495 (Mo. banc 1991),]' to determine if abandonment occurred." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "When the independent inquiry is required but not done, this Court

will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826.

The judgment is reversed, and the matter is remanded to the motion court to make an independent inquiry into the date upon which Movant's counsel was appointed and determine whether motion counsel abandoned Movant by untimely filing the amended motion.[3]

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[3] If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing.

*Id.* at 825-26 (citations omitted).