## GRANVILLE WEST, Appellant, v. JOHN T. SPENCER.

### Division One, November 29, 1911.

**DEEDS OF TRUST: Foreclosure: The Then Sheriff.** A deed of trust providing that in case of the absence, death, refusal to act, or disability in any wise of the trustee, "the then acting sheriff" shall have power to sell the property, refers to the sheriff in office at the time the sale is made, and not to a sheriff who was in office at the time the note, by its terms, became due. The sheriff in office at the time of the foreclosure is the donee of the powers of sale and conveyance in deeds of trust in the usual form, where the trustee refuses to act.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*J. M. McPherson* for appellant.

(1) The power of sale in the trust deed must be strictly followed. The power of sale contained in a deed of trust given to secure a debt must be strictly pursued. Schnakewerk v. Hoberecht, 117 Mo. 22. (2) The title to the lands in question was vested in John Manlove, sheriff. The trustee in a deed of trust given upon land to secure the payment of debts takes the title, and when the title to the property once becomes vested in the trustee by default, it continues vested in him until divested by some disqualification on his part mentioned in the instrument, such as his absence or removal. McNutt v. Insurance Co., 181 Mo. 94. (3) The foreclosure sale by Conner, sheriff, was void. Where a deed of trust provides that upon default and in case of the absence of the trustee named in the deed of trust, the then acting sheriff shall succeed to his powers, the sheriff who is such at the time of the default

238 Sup—5.

and absence by removal of the trustee named, is the sheriff meant and not a subsequent sheriff who may happen to be such, at a subsequent time when the holder of the note may request a foreclosure. McNutt v. Insurance Co., 181 Mo. 94; Chase v. Davis, 88 Mo. 585; Harwood v. Tracy, 118 Mo. 631.

*Charles L. Henson* and *John C. Turk* for respondent.

(1) Where in the deed of trust with power of sale, it is provided that in certain contingencies the then acting sheriff shall be substituted as trustee, it does not mean the sheriff at the time of the happening of any such contingencies, or at the date of the deed of trust or the time of the default in the payment of the note, but it means the sheriff at the time of the foreclosure. Feller v. Lee, 225 Mo. 319; Betzler v. James, 227 Mo. 375. (2) When real estate is sold under power of sale contained in a deed of trust, by a sheriff acting as trustee, recitals in his deed concerning default, advertisement, sale or receipt of purchase money and other pertinent facts shall be received in all courts as prima-facie evidence of the truth thereof. R. S. 1909, sec. 2858; Hume v. Hopkins, 140 Mo. 65. (3) In an ejectment suit, although the trustee named in the deed of trust did not refuse to act, and the sheriff sold the land as acting trustee without knowledge of the trustee, that does not vitiate the sale so as to defeat defendant's deed from the purchaser at the sale, where the defendant was such purchaser in good faith. Adams v. Carpenter, 187 Mo. 613; Biffle v. Pullman, 125 Mo. 108.

LAMM, J.—Ejectment by West for twenty-five acres of land in the southwest corner of the southwest quarter of the northwest quarter of section 21, township 29, range 25, Lawrence county, describes by metes

and bounds. Ouster is laid as of the —— day of January, 1907. Cast below on a trial on the merits, plaintiff comes up by appeal.

As presently appearing, there is but a single question in the case, and that apart from the pleadings. Hence, they may be put to one side.

Plaintiff is the common source of title. On May 2, 1896, he and his wife conveyed the land to a Doctor Paris as trustee to secure a note for $97.40, due Spaulding and Miles, or order, maturing on December 1, 1898, with interest at eight per cent from maturity. This deed of trust was subject to a prior one in favor of the Central Life Insurance Company, both duly spread of record. Doctor Paris was then a resident of Lawrence county and continued to be such resident until the note came due, and for some time thereafter, when he removed to Polk and took up his residence in the latter county. At the time of such removal and change of residence, John Manlove was sheriff of Lawrence and continued to hold that office for some time. At the expiration of his term as sheriff he remained a resident of Lawrence county and lived there at the time said junior deed of trust was foreclosed. Sometime before the foreclosure, John A. Connor became sheriff of Lawrence county and was acting as such at the time of such foreclosure. At a certain time after his removal Doctor Paris refused in writing to act in the capacity of trustee and execute the powers donated by the deed. Thereupon Connor, at the request of the legal owner of the secured note, made due advertisement and sale. At that sale in 1904 one Murray was the best and last bidder and the land was knocked down to him under the hammer and the deed of trust was thereby satisfied. Thereat Connor executed a trustee's deed to Murray with apt narrations and in due form. This deed was spread of record in Lawrence county. Thereupon Murray conveyed by

warranty deed, duly executed and put of record, to defendant Spencer, who in turn entered upon the land and has since that time enjoyed the possession and usufruct thereof, claiming to own it under said trustee's deed and the conveyance from Murray. Some three years later, West brought the suit at bar.

Besides relying on a legal title, there are equities pleaded by Spencer arising from his payment of the first mortgage, taxes, etc., but these equities need no attention unless West is entitled to recover. He is not entitled to recover if Connor, as acting sheriff at the time of foreclosure, was authorized by the terms of the deed of trust to stand in the shoes of Paris as trustee and execute the power of sale therein created and donated. Whether he as "then acting sheriff," or Manlove, sheriff at the time the note became due and Paris changed his residence, had power to foreclose and convey is the determinative question in the case.

The foreclosed deed of trust had the following provisions, *inter alia*:

". . . and the said party of the second part, or in case of his absence, death, refusal to act, or disability in any wise, the (then) acting sheriff of Lawrence county, Missouri, at the request of the legal holder of said note, may proceed to sell the property," etc.

There are other narrations in the deed of trust but they are conventional and have no bearing on the case.

Plaintiff assigns error as follows:

*First.* That the power of sale in the trust deed must be strictly followed.

*Second.* That the title to the land became vested in John Manlove, sheriff.

*Third.* That the foreclosure sale by Connor, sheriff, is void.

For the purposes of the instant case the first proposition may be allowed to plaintiff without dis-

cussion. For whether the power must be *"strictly* followed,'' that is, according to the very letter, without the aid of equitable considerations or implications, or whether substantial compliance will do, it is not necessary to decide, since in either event our conclusion must be that the two last propositions are unsound and must be disallowed. In deciding cases it is a very good rule not to decide to-day (in an instant case) what you might better decide tomorrow (in some other case). This rule has a tendency to exclude *obiter,* it points the distinction between a legal treatise on a general head of the law, and a judicial opinion on a concrete case, and it saves trouble to those judges who come after us and are called to decide the question as vital and turning in some appeal.

Plaintiff leans on McNutt v. Insurance Co., 181 Mo. 94. But he leans on a broken staff. The phraseology of the McNutt deed of trust held in judgment in that case is not the same as the quoted provision from the deed in this case. There is general language in the McNutt case lending countenance to plaintiff's view, but that general language must no longer be taken as announcing good doctrine. In Feller v. Lee, 225 Mo. 319, the authority of the McNutt case was much shaken, and the holding in the Feller case had the effect (if it did not overturn the case) to restrict the McNutt case as authority strictly to the case decided on the very deed there in question. In the McNutt case the language used in creating the trust and donating power was so peculiar, so restrictive and technical that it entangled the owner of the secured notes in a net he may have woven for the other party. This language (with equities there present) led the court to the conclusion it announced in dealing out justice to those litigants. In Betzler and Clark v. James, 227 Mo. 375, the Feller case was followed. So, in a very late case, Miller v. New Madrid Bank, 236 Mo. 522, the Feller case was followed. The conclusions reached

in the Feller, Betzler and Miller cases amount to over-ruling the McNutt case in so far as its general doc-trines seem to apply to deeds of trust of the character of that at bar.

We shall not reopen the controversy set at rest by these decisions. They stand on their own reasoning and the up to date student in jurisprudence, prodded thereto by a prying mind, may consult those down to date cases for the philosophy of the now accepted doctrine, viz.: In deeds of trust in the usual form (like the one in hand) the legal title is not so vested in the sheriff in office at the time of default, or at the time the original trustee dies, removes, is disabled or refuses to serve, that he has call to execute the powers of sale in foreclosure at the request of the legal holder of the secured note. *E converso*, the sheriff in office at the time of the foreclosure is the donee of the powers of sale and conveyance in such case. He is the "then acting sheriff" within the purview of the contracting parties.

Accordingly we rule the second and third assignments of error against plaintiff. From that ruling it follows the judgment should be affirmed.

After disposing of the case as above, we find in the files a motion by defendant to dismiss the appeal on grounds striking at the sufficiency of the abstract. Even if that motion were found well taken we cannot very well both dismiss and affirm. That course would be a novel and wild exuberance of judicial power. As defendant asks *two* favors, the one reaching the same ultimate goal as the other (*viz.*, leaving the judgment below stand) he must rest content with *one*. Affirmance is enough. The motion is *functus officio* and is overruled.

The judgment is affirmed. All concur.