**Mark E. DOUGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 85274.**

Supreme Court of Missouri,
En Banc.

Nov. 4, 2003.

---

Mark A. Grothoff, Office of the Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Evan J. Buchheim, Shaun J. Mackelprang, Asst. Attorneys General, Jefferson City, for Respondent.

RICHARD B. TEITELMAN, Judge.

Mark Dougan appeals the motion court's dismissal of his Rule 29.15 motion for post-conviction relief. Although he was convicted of a felony, Dougan was not sentenced to incarceration and has not been in the custody of the department of corrections. The motion court dismissed the Rule 29.15 motion because Dougan "has never been incarcerated...."

Dougan met the requirements of Rule 29.15 because he was convicted of a felony after trial and filed a timely notice of appeal. Dougan timely filed his Rule 29.15 motion because he did so within 90 days after the date the mandate of the appellate court was issued dismissing his appeal. The judgment of the motion court dismissing Dougan's Rule 29.15 motion is reversed and the case is remanded.

### Background

After a jury trial, Dougan was convicted of first degree tampering with a motor vehicle, a class C felony. The court fined Dougan, placed him on five years supervised probation, ordered him to pay restitution, and ordered him to complete community service and counseling.

Dougan filed a timely notice of appeal with the court of appeals. Dougan then moved to dismiss the appeal. The court of appeals issued its mandate dismissing Dougan's direct appeal on November 20, 2001.

On January 23, 2002, Dougan filed a Rule 29.15 motion to vacate, set aside, or correct his judgment or sentence. The motion court dismissed Dougan's Rule 29.15 motion. Dougan appealed. After opinion by the Court of Appeals, Western

District, the case was transferred to this Court. *Mo. Const. art. V, section 10.*

### Discussion

Rule 29.15(a) provides:

... A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15....

■ Rule 29.15 is only limited to those persons "convicted of a felony after trial." While Rule 24.035 is available only to those "convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections," Rule 29.15 does not require incarceration or state custody.[1] *State v. Geiler*, 866 S.W.2d 863 (Mo.App.1993). Therefore, Dougan may pursue a Rule 29.15 claim despite not having been incarcerated or delivered to the custody of the department of corrections.

Regarding the timeliness of Dougan's motion, Rule 29.15(b) provides:

... If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence.

If no appeal of such judgment or sentence was taken, the motion shall be filed within 180 days of the date the

person is delivered to the custody of the department of corrections....

■ By filing a notice of appeal, Dougan's direct appeal was "taken" as described by Rule 29.15(b). Therefore, the deadline for the filing of Dougan's Rule 29.15 motion was 90 days after the date the court of appeals' mandate was issued. *See State v. Kelly*, 966 S.W.2d 382 (Mo. App.1998); *see also Jackson v. State*, 876 S.W.2d 1 (Mo.App.1994) ("The time provision of Rule 29.15(b) that requires filing ninety days after delivery to custody applies only to persons who do not appeal their convictions.") For the purposes of Rule 29.15(b), the dismissal of an appeal is treated as if the judgment were affirmed. Dougan's Rule 29.15 motion was timely filed.

Therefore, the judgment of the motion court dismissing Dougan's Rule 29.15 motion is reversed and the case is remanded.

WHITE, C.J., WOLFF, STITH and PRICE, JJ., concur.

LIMBAUGH, J., dissents in separate opinion filed.

BENTON, J., concurs in opinion of LIMBAUGH, J.

STEPHEN N. LIMBAUGH, JR., Judge, dissenting.

I respectfully dissent. Rule 29.15 does not afford relief to appellant Dougan because the requirements of the rule were not met, in that 1) no mandate was issued affirming the conviction after direct appeal, and 2) defendant was never incarcerated in the Department of Corrections.

The relief afforded under Rule 29.15(a) to "[a] person convicted of a felony after

---

**1.** As noted below, Rule 29.15(b) sets a deadline for the motion in relation to delivery of the defendant to the custody of the depart-

ment of corrections, but only if the defendant does not file an appeal.

trial ..." is qualified under subsection (b), which provides in pertinent part:

If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence.

If no appeal of such judgment or sentence was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections.

Because of these restrictions, relief under Rule 29.15 is simply not available to every person "convicted of a felony after trial."

Here, appellant was never "delivered to the custody of the department of corrections," so relief can be afforded only if a direct appeal was taken and a mandate of the appellate court was issued affirming the conviction. This did not occur. Instead, the appellant dismissed his appeal, and the appellate court did not have occasion either to affirm or reverse the judgment or sentence. On this point, I take issue with the majority's conclusion, made without citation to authority, that "dismissal of an appeal is treated as if the judgment were affirmed." To the contrary, this Court has long recognized the obvious distinction between dismissing an appeal and affirming a judgment on appeal. *West v. Spencer*, 141 S.W. 586, 238 Mo. 65 (Mo. 1911), for instance, was a case in which the Court affirmed the judgment of the trial court but declined to dismiss the appeal, holding that it could not simultaneously grant both remedies: "Even if that motion [to dismiss the appeal] were found well taken, we cannot very well both dismiss and affirm. That course would be a novel and wild exuberance of judicial power." *Id.* at 588. *See also Sechrist v. Hufty Rock Asphalt Co.*, 59 S.W.2d 767, 768 (Mo. App.1933) (suggesting that a motion to dismiss, rather than a motion to affirm the judgment, should have been filed when the appellant failed to perfect its appeal).

Appellant's reliance on *State v. Kelly*, 966 S.W.2d 382 (Mo.App.1998), is misplaced. Although the Court of Appeals noted, in dictum, that the Rule 29.15 motion was timely if filed within 90 days after the appellate court issued its mandate, *id.* at 385, the court was referring to an earlier version of Rule 29.15(b). That version did not require that the mandate affirm the judgment and sentence, but required only that the mandate be issued. Rule 29.15 (eff. January 1, 1996). Thus, the distinction between simply issuing a mandate, and issuing a mandate affirming the judgment and sentence, was not at issue in *Kelly*.

Finally, it bears mention that the limitations to relief under Rule 29.15 are consistent with the purpose of the rule, which is to serve as an effective and efficient substitute for the writ of habeas corpus, *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 214 (Mo. banc 2001), and habeas corpus, of course, is a remedy available only to those who are illegally confined, *id.* at 213. In other words, Rule 29.15 is designed primarily to create a remedy for incarcerated persons, not persons like appellant who is being punished solely by a fine and probation.

For these reasons, I would affirm the motion court's dismissal of appellant's Rule 29.15 motion.