

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| FRED SILVER, | ) | No. ED103060 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | The Honorable David L. Dowd |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed:  December 8, 2015 |

### Introduction

Fred Silver (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.  In his sole point relied on, Movant claims that the motion court clearly erred by denying his motion without an evidentiary hearing because he alleged facts not refuted by the record that his trial counsel was ineffective for improperly advising Movant that his sentence would be the same whether he went to trial or pleaded guilty.  Because the amended motion was untimely filed and the motion court made no independent "abandonment" inquiry, we reverse and remand.

### Factual Background

Movant was convicted, following a jury trial, of attempted forcible sodomy, kidnapping, and misdemeanor child molestation.  The trial court sentenced Movant to a total of fifteen years'

imprisonment. This Court affirmed Movant's convictions and sentences in *State v. Silver*, 465 S.W.3d 860 (Mo. App. E.D. 2014). This Court issued its mandate on January 2, 2015.

Movant filed a timely pro se motion for post-conviction relief pursuant to Rule 29.15. On January 7, 2015, counsel from the Office of the Appellate Defender was appointed (hereinafter "the public defender"). The public defender filed a motion for extension of time to file an amended motion that same day, which was granted on January 9. Subsequently, on February 5, John Tucci (hereinafter "private counsel") entered an appearance and filed a motion for an extension of time to file an amended motion. The motion court sustained private counsel's motion on February 6. The public defender withdrew as counsel for Movant. Private counsel filed an amended motion on April 30. The motion court denied Movant's motion without an evidentiary hearing. Movant appeals.

## Discussion

Movant argues that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for improperly advising Movant that his sentence would be the same if he went to trial or pleaded guilty. The State counters that trial counsel was not ineffective. In a second point, the State contends that Movant's amended motion for post-conviction relief was untimely filed and, therefore, this Court should reverse and remand for the motion court to make an independent inquiry into whether Movant was abandoned by his post-conviction counsel. Because the timeliness of Movant's amended motion is dispositive, we address the State's Point II first.

"When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). If the motion court concludes that the movant was not abandoned,

2

the motion court should adjudicate the movant's initial pro se motion for post-conviction relief. *Id.* However, if the motion court determines that the movant was abandoned by counsel's untimely filing of an amended motion, the court must consider the amended motion. *Id.* at 826. If an independent inquiry into whether the movant was abandoned is necessary but not done by the motion court, we must remand the case because "the motion court is the appropriate forum to conduct such an inquiry." *Id.*

In this case, the parties dispute when the time period for the amended motion to be filed began to run — when the public defender was first appointed on January 7, or when private counsel entered his appearance on February 5. Rule 29.15(g) provides the following:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed *or* (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

(Emphasis added). The question, therefore, is whether under Rule 29.15(g), the sixty-day time period for filing the amended motion re-starts any time an entry of appearance is filed by any counsel. We conclude that it does not. When interpreting Rule 29.15, we use the same standards as those used in the construction of statutes. *Bittick v. State*, 105 S.W.3d 498, 503 (Mo. App. W.D. 2003). We "ascertain the intent of the framers of the rule from the language used, and . . . give effect to that intent." *Id.*

The plain and ordinary language of Rule 29.15(g) contemplates two scenarios: (1) when counsel is appointed or (2) when counsel is not appointed but other counsel enters an appearance on behalf of the movant. The rule provides that the sixty-day time period begins to run when the appellate court's mandate is issued and *either* counsel is appointed *or* non-appointed counsel

3

enters an appearance. The time limit begins to run on one date; it does not start and re-start whenever new counsel enters an appearance on the movant's behalf. *See Watson v. State*, 778 S.W.2d 662, 663-64 (Mo. App. E.D. 1989) (concluding that Rule 29.15's sixty-day time limit for an amended motion began to run on the date counsel was appointed rather than the date new counsel entered an appearance). To interpret the rule otherwise would allow post-conviction movants to indefinitely toll the sixty-day deadline any time new counsel entered an appearance. Such an outcome would contradict "the purpose of the rule, which is to serve as an effective and *efficient* substitute for the writ of habeas corpus." *Dougan v. State*, 118 S.W.3d 593, 596 (Mo. banc 2003) (emphasis added).

Accordingly, in this case, the sixty days began to run on January 7, 2015, when the public defender was first appointed to represent Movant. Movant's request for a thirty-day extension was granted, extending the filing deadline to 90 days. As a result, Movant had until April 7, 2015 to file his amended motion. However, Movant's amended motion was not filed until April 30, 2015, after the 90-day time limit had expired. Movant's amended motion was therefore untimely filed and, pursuant to the Missouri Supreme Court's decision in *Moore*, the motion court was required to make an independent inquiry into whether Movant was abandoned by post-conviction counsel. *Moore*, 458 S.W.3d at 825. Accordingly, we conclude that a remand is necessary for the motion court to conduct an independent abandonment inquiry.[1] We do not reach the merits of Movant's appeal.

---

[1] The State also requests that this Court limit the remand to the issue of abandonment and hold the appeal in abeyance while the limited remand occurs. However, *Moore* directs that we reverse the motion court outright, remand for the abandonment inquiry and for further proceedings. *See Lomax v. State*, 2015 Mo. App. LEXIS 688, *2-3 (Mo. App. E.D. June 30, 2015).

**Conclusion**

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

5