

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ANTHONY WALLACE, | ) | No. ED103125 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1322-CC09064 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Margaret M. Neill |
| | ) | |
| Respondent. | ) | Filed:  April 12, 2016 |

Anthony Wallace ("Movant") appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing.  Because Movant's amended motion for post-conviction relief was untimely filed and the motion court made no independent inquiry into whether Movant was abandoned by post-conviction counsel, we reverse and remand the case to the motion court for such an inquiry.

## I.    BACKGROUND

Following a bench trial, Movant was convicted of first-degree assault, second-degree robbery, attempted forcible rape, attempted forcible sodomy, and kidnapping.  The trial court sentenced Movant as a prior offender to a total sentence of life imprisonment plus thirty years of imprisonment.[2]  Movant then filed a direct appeal.  This Court affirmed his convictions and

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

[2] The trial court sentenced Movant to concurrent sentences of thirty and fifteen years of imprisonment for the assault and robbery counts, to be served consecutively with concurrent life sentences for the attempted rape and sodomy counts, and to a fifteen-year sentence for kidnapping to be served concurrently with all other sentences.

sentences in *State v. Wallace*, 399 S.W.3d 921 (Mo. App. E.D. 2013), with the mandate being issued on June 28, 2013.

Movant timely filed a pro se Rule 29.15 motion for post-conviction relief on July 30, 2013.[3] On August 29, 2013, the motion court designated the office of the public defender to represent Movant. Then, on October 4, 2013, an assistant public defender ("Counsel") entered her appearance on behalf of Movant and filed a request for a thirty-day extension of time to file Movant's amended motion for post-conviction relief. The parties agree there is nothing in the record indicating that the motion court ever ruled upon Counsel's request for a thirty-day extension.

Counsel filed an amended Rule 29.15 motion for post-conviction relief on January 2, 2014. Movant's amended Rule 29.15 motion alleged, (1) his trial counsel was ineffective for failing to present mitigating evidence at sentencing; and (2) his appellate counsel was ineffective for failing to raise two sufficiency of the evidence claims in Movant's direct appeal.

The motion court subsequently entered a judgment considering the merits of the claims in Movant's amended Rule 29.15 motion and denying the motion without an evidentiary hearing. Movant appeals.

## II.  DISCUSSION

In this case, Movant raises three points on appeal arguing the motion court clearly erred in denying his amended motion for post-conviction relief because trial counsel and appellate counsel were ineffective for the reasons asserted in his motion.

Before we can potentially address the merits of a movant's amended motion for post-

---

[3] Movant's pro se Rule 29.15 motion was filed thirty-two days after our Court issued the mandate in Movant's direct appeal. Therefore, Movant's pro se motion was filed within the ninety-day time limit set forth in Rule 29.15(b). *See* Rule 29.15(b) (providing that "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence").

conviction relief, we are compelled under *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015) to first determine whether the amended motion was timely filed. *Federhofer v. State*, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015). If this Court finds that an amended motion for post-conviction relief filed by appointed post-conviction counsel was untimely filed, but there has been no independent inquiry into whether movant was abandoned by post-conviction counsel, we must reverse and remand the case to the motion court for such an inquiry. *Moore*, 458 S.W.3d at 825-26; *Federhofer*, 462 S.W.3d at 841. If, after making an independent inquiry into abandonment, the motion court determines the movant was not abandoned by post-conviction counsel, the court should adjudicate the movant's initial pro se motion for post-conviction relief. *Silver v. State*, 477 S.W.3d 697, 698 (Mo. App. E.D. 2015). If, however, the motion court concludes the movant was abandoned by post-conviction's counsel untimely filing of an amended motion for post-conviction relief, the court must adjudicate the amended motion. *Id*. at 698-99.

Rule 29.15(g) governs the filing of an amended motion for post-conviction relief. The Rule provides that where, as in this case, an appellant files a motion for post-conviction relief after a direct criminal appeal and does not retain private counsel, the amended motion must be filed within sixty days of "(1) the date both the mandate of the appellate court is issued and counsel is appointed." Rule 29.15(g). In addition, "[t]he court may extend the time for filing the amended motion for one additional period not to exceed thirty days." *Id*.

In this case, after the mandate in Movant's appeal was issued, the motion court designated the office of the public defender to represent Movant on August 29, 2013 and Counsel entered her appearance on Movant's behalf on October 4, 2013. Assuming *arguendo* that the later date (the date of Counsel's entry of appearance) triggered the time limits for the

3

filing of Movant's amended motion under Rule 29.15(g),[4] Movant's amended Rule 29.15 motion for post-conviction relief was due on or before December 3, 2013 but was not filed until January 2, 2014. Although Counsel filed a request for a thirty-day extension of time pursuant to Rule 29.15(g), the parties agree there is nothing in the record indicating that the court ever ruled upon the request for a thirty-day extension. "[E]xtensions will not be presumed to have been granted without a record thereof." *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). Accordingly, our Court cannot find that the sixty-day deadline of Rule 29.15(g) had been extended in this case, and without such an extension, Movant's amended motion filed on January 2, 2014 was untimely. *See Adams v. State*, 2016 WL 1086487 at *3 (Mo. App. E.D.) and *Childers*, 462 S.W.3d at 827-28 (similarly holding). Because Movant's amended motion was untimely filed and the motion court made no independent inquiry into whether Movant was abandoned by Counsel, we must reverse and remand the case to the motion court for such an inquiry. *Moore*, 458 S.W.3d at 825-26; *Federhofer*, 462 S.W.3d at 841.

---

[4] We need not explicitly determine whether the date of Counsel's entry of appearance or the date the motion court designated the public defender's office triggers the time limits for the filing of Movant's amended motion under the circumstances of this case because either way, Movant's amended motion was untimely. However, we note Missouri appellate courts have differed on the issue under particular circumstances and the Missouri Supreme Court recently accepted transfer of this Court's *Creighton* decision. *Compare Laub v. State*, 2015 WL 9311602 at *3-4 (Mo. App. S.D.) (holding the date of counsel's entry of appearance triggered the time limits for the filing of movant's amended motion under Rule 29.15(g) where the motion court filed a memorandum which notified the public defender's office of movant's pro se motion and which stated the court was not appointing the office at that time) (application for transfer denied by the Missouri Supreme Court on March 1, 2016 and case mandated on March 2, 2016, No. SD33759) and *State v. Creighton*, 2015 WL 9240967 at *1-3 (Mo. App. E.D.) (holding the date the motion court designated the public defender's office triggered the time limits for the filing of movant's amended motion under Rule 29.15(g) where the motion court filed a memorandum which notified the office of movant's pro se motion and indigency, apparently with no further explanation) (application for transfer sustained by the Missouri Supreme Court on April 5, 2016, No. SC95527) and *Harris v. State*, 474 S.W.3d 600, 603 n.2, 602-03 (Mo. App. E.D. 2015) (finding the date the motion court "appoint[s] [ ] the public defender's office, not when an individual attorney is designated by the public defender's office" triggered the time limits for the filing of movant's amended motion under Rule 29.15(g) and opinion was silent regarding the details of the appointment of the office).

4

## III.    CONCLUSION

The motion court's judgment is reversed and the case is remanded to the motion court for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

5