

# Missouri Court of Appeals
## Southern District
### Division Two

BRIAN L. MCDANIEL,          )
                                      )
            Appellant,        )
                                      )
     vs.                       )    No. SD36176
                                      )
STATE OF MISSOURI,         )    FILED: August 5, 2020
                                      )
           Respondent.      )

## APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable Kevin L. Selby, Judge

## VACATED AND REMANDED WITH DIRECTIONS

Brian L. McDaniel ("Movant") appeals the motion court's judgment denying his amended Rule 29.15[1] post-conviction relief ("PCR") motion to set aside his conviction for first-degree murder, *see* section 565.020 RSMo 2000. After finding that Movant had been abandoned by retained counsel, the motion court treated Movant's initial PCR motion[2] as being timely filed even though it was not filed within the Rule 29.15(b) required ninety days after this Court issued its mandate in Movant's direct appeal, *see* **State v. McDaniel**, 236 S.W.3d 127 (Mo.App. 2007)

---

[1] All rule references are to Missouri Court Rules (2007).

[2] Rule 29.15(b) provides in part that "A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40." We refer in this opinion to such a motion as the "initial PCR motion." Some quoted materials in this opinion, refer to such a motion as a "*pro se* motion" or a "Form 40."

("*McDaniel 1*"). Because Movant's initial PCR motion was not timely filed and he did not plead facts showing that he fell within a recognized exception to excuse such untimely filing, however, Movant waived his right to pursue his Rule 29.15 PCR claims. Accordingly, we vacate the motion court's judgment denying relief on the merits of his amended PCR motion and remand the case with directions to dismiss Movant's initial and amended PCR motions.

## Factual and Procedural Background

Movant was convicted, following a jury trial, of committing a murder in 2001 and was sentenced to life imprisonment without parole. Thereafter, we affirmed Movant's conviction in *McDaniel 1*, the mandate for which issued on November 13, 2007.

Over nine years later, on January 4, 2017, Movant filed his initial PCR motion. Two days later, Movant's privately retained counsel entered his appearance and thereafter was granted until April 4, 2017, to file an amended PCR motion.

On April 3, 2017, Movant filed his amended PCR motion, alleging sixteen ineffective assistance of counsel ("IAC") claims. Five IAC claims pertained to the public defender who represented Movant during his trial and sentencing, while the remaining eleven IAC claims pertained to the representation of post-sentencing counsel whom Movant had previously retained but who no longer represented Movant ("previously retained counsel").

Additionally, Movant's amended PCR motion presented two, alternative claims addressing the evident delayed filing of his initial PCR motion. On one hand, Movant claimed that his initial PCR motion *was timely* because any time limit within which to file it had not yet been triggered. Movant supported this claim with a two-pronged argument. First, he argued that he was "so completely and unequivocally abandoned" by previously retained counsel in his direct appeal, *McDaniel 1*, that it was not "an appeal" for the purpose of triggering the Rule 29.15(b) ninety-day-following-mandate time limit. Second, Movant argued that the alternate

2

time limit under Rule 29.15(b) for when there has been "no appeal" was also never triggered because Movant, who had been in continuous federal custody after his trial, had never been delivered to the custody of the Department of Corrections ("DOC").

Movant also alternatively claimed, on the other hand, that if his initial PCR motion was untimely, its late filing should be excused and treated as timely "due to abandonment" by previously retained counsel in failing to timely initiate a PCR proceeding. Movant premised this abandonment theory upon his assertion that ***Price v. State***, 422 S.W.3d 292 (Mo. banc 2014), held that "absent 'rare circumstances,' the abandonment doctrine applies only to amended, not original, motions." Building upon this premise, Movant advanced his abandonment theory by asserting "that a reading of *Price*, combined with a short review of the facts of his situation will leave this Court with cause to find a "rare circumstance" and permit McDaniel's PCR motion to proceed."

Movant then proceeded in his amended PCR motion to list various reasons why, according to his theory, this is one of the "rare circumstances" in which the abandonment exception should apply. Those reasons included the following allegations:

- Movant "hired (*and paid*) [previously retained counsel] to handle '[t]he direct appeal, any 29.15, as well as any Habeas' for the underlying criminal matter";

- Previously retained counsel "entered in the underlying appeal (SD27572), but did little else";

- Previously retained counsel "took no efforts to file *either* a 29.15 or Habeas on behalf of [Movant]";

- Movant "filed a complaint with the Office of Chief Disciplinary Counsel ("OCDC") and, after an investigation, OCDC – acting with the consent and authority of the Missouri Supreme Court[] – entered into Diversion Agreement with [previously retained counsel] ordering [previously retained counsel] to file [Movant]'s PCR remedies";

3

- Previously retained counsel "***ignored*** the Diversion Agreement and did not file any PCR remedies on behalf of [Movant]";

- Movant "has never been in the custody of [DOC] (where the Form 40 and its instructions are readily available)";

- "After [the trial court] pronounced sentence, [it] did not inform [Movant] of the Form 40 and/or the deadlines he faced for filing his Form 40"; and

- Movant "has not been resting on his laurels this entire time; he simply did not have access to the required information to file the Form 40."

The motion court held an evidentiary hearing to consider the timeliness of Movant's initial PCR motion and, deeming it timely filed, then proceeded to hear Movant's amended PCR motion. As to the timeliness issue, the prosecutor affirmatively conceded at the outset of the hearing that Movant had been "[c]learly abandoned, Judge." The motion court agreed, stating that "I'm going to make the ruling that he was abandoned, correct." The prosecutor then specified, "[b]y appellate counsel, post-conviction counsel[,]" and the motion court responded, "[c]orrect."

The motion court thereafter issued findings of fact and conclusions of law initially stating "This Court ruled that movant was abandoned by his [previously retained counsel] and therefore movant's pro se motion was held to have been timely filed." The motion court then denied any relief on Movant's amended PCR motion for the ultimate reason that Movant had "failed to meet his burden to prove any of the claims alleged[.]" Movant timely appeals, raising fourteen points relied on asserting clear error by the motion court.

### Applicable Legal Principles

This Court reviews denial of a PCR motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." ***Swallow v. State***, 398 S.W.3d 1, 3 (Mo. banc 2013).

4

The timeframe for filing an initial PCR motion is governed by the provisions of Rule 29.15(b), which provides that "[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Motion courts and appellate courts have a duty to enforce the time limits and the resulting complete waiver as provided in Rule 29.15(b). *Price*, 422 S.W.3d at 297. These deadlines are mandatory and cannot be waived. *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018). "[W]hen a pro se motion is considered untimely filed under Rule 29.15(b), the motion court lacks authority to review the merits of the motion and should dismiss it as untimely." *Brooks v. State*, 516 S.W.3d 442, 444 (Mo.App. 2017).

### Discussion

Our discussion begins and, because it is dispositive, ends with the issue of the timeliness of Movant's initial PCR motion, which both parties address in their respective briefs.[3] In his initial brief, Movant essentially reiterates the two timeliness arguments made before the motion court, i.e., that no Rule 29.15(b) filing deadline was ever triggered but, in the event the initial PCR motion was untimely, that under *Price*, the abandonment exception should apply in light of the "rare circumstances" of this case.

In its responding brief, the State proffers rebuttals to each of Movant's timeliness arguments. As to *Price* and the "rare circumstances" mentioned therein, the State notes, correctly, that the abandonment exception cannot be used to excuse a movant's failure to timely

---

[3] Southern District Special Rule 20(a)–(b) provides that "[i]n any appeal from a Rule 24.035 or 29.15 post-conviction proceeding, the appellant's brief shall include a concise statement factually demonstrating the timely filing of both the movant's initial motion and any amended motion" and "[i]f the respondent is dissatisfied with the accuracy or completeness of the appellant's timeliness statement, the respondent's brief may include a timeliness statement."

file an initial PCR motion.[4]  *Price*, 422 S.W.3d at 301; ***Muhammad v. State***, 579 S.W.3d 291, 296 (Mo.App. 2019) ("In *Price* the Missouri Supreme Court made it clear that, unlike the untimely filing of an amended 29.15(g) motion, the failure to timely file an initial 29.15(b) motion cannot be excused due to abandonment of counsel.").  While the court in ***Price*** discussed "rare circumstances" that could excuse an untimely filing of an initial PCR motion, it did so in the context of the active interference by a third party exception, not the abandonment exception. ***Price***, 422 S.W.3d at 301.

In his reply brief, Movant maintains that his initial PCR motion was either timely filed or should be deemed timely filed.  He does not dispute or take issue with, however, the legal authorities and principles cited by the State regarding the inapplicability of the abandonment exception described in ***Price*** to the circumstances presented here.  He insists, instead, that the State "is focused on the unfortunate transposition of 'Abandonment' for 'Third-Party Interference' intermittently – such transposition likely the result of agreement between the Parties and the trial court in the underlying PCR Hearing."  For the following reasons, Movant's arguments are without merit.

### *Movant's initial PCR motion was not filed within the Time Limits of Rule 29.15(b)*

The filing deadline for Movant's initial PCR motion is governed by Rule 29.15(b). Specifically, "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected *was taken*, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." ***Id.*** (emphasis added).  However, "[i]f no appeal of such judgment or sentence *was taken*, the motion shall be filed within 180 days of the date the person is delivered to the custody of [DOC]." ***Id.*** (emphasis added).  "Failure to

---

[4] We note, additionally, that the abandonment exception does not apply to retained counsel. ***Gittemeier v. State***, 527 S.W.3d 64, 71 (Mo. banc 2017).

file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." *Id.*

Here, an appeal of the trial court's judgment and sentence was taken by Movant giving rise to its disposition in *McDaniel 1*, and this Court issued its mandate affirming the judgment in that case on November 13, 2007. Movant's initial PCR motion, filed over nine years after that date, was well outside of the 90-day filing period as required by Rule 29.15(b).

Movant alleges that, although he pursued an appeal, he was "so completely and unequivocally abandoned" by previously retained counsel during that appeal that the 90-day time limit was not or should not be triggered and, because he was never delivered to DOC, the "no appeal" 180-day time limit was not triggered. Movant concedes that he is unaware of any legal authority supporting this argument. He maintains, however, that because the four points he raised in his direct appeal were "largely dismissed for procedural issues" by this Court, his appeal "was essentially abandoned or waived[.]"

Movant's argument is refuted by our supreme court's opinion in *Dougan v. State*, 118 S.W.3d 593 (Mo. banc 2003). Dougan, the movant in that case, who was not in the custody of DOC, filed a timely notice of appeal and later moved to dismiss the appeal resulting in a mandate of dismissal. *Id.* at 594. Although Dougan then filed a Rule 29.15 PCR motion within 90 days of the court of appeals' mandate, the motion court dismissed the motion because the movant had never been incarcerated. *Id.* Our supreme court reversed and remanded, holding: "By filing a notice of appeal, Dougan's direct appeal was 'taken' as described by Rule 29.15(b). Therefore, the deadline for the filing of Dougan's Rule 29.15 motion was 90 days after the date the court of appeals' mandate was issued." *Id.* at 595.

Thus, even if Movant's appeal was "largely dismissed for procedural issues" as claimed,[5] it was nonetheless "taken" when his notice of appeal was filed. *See id.* Accordingly, because Movant's initial PCR motion was not filed within 90 days of the issuance of this Court's mandate in that appeal, Movant's motion was not timely filed. *See* Rule 29.15(b).

### Movant Failed to Plead Third-Party Interference

Even when an initial PCR motion is not filed within Rule 29.15(b) time limits, a movant may still excuse the late filing by "alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits[.]" ***Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012). "The facts necessary to support the application of a recognized exception to the time limits must be alleged in the *pro se* motion itself." ***Henson v. State***, 518 S.W. 3d 828, 834 (Mo.App. 2017) (citing ***Vogl v. State***, 437 S.W.3d 218, 226 (Mo. banc 2014)). Our Supreme Court also observed:

> It is possible that a movant would not be aware that movant's circumstances fall within a recognized exception to the filing time limits of the post-conviction rules at the time that the *pro se* motion was filed. Accordingly, a movant is given the opportunity to raise those allegations in an amended motion.

***Vogl***, 437 S.W.3d at 227 n.12. Abandonment and third-party interference are two such recognized exceptions. ***Watson v. State***, 520 S.W.3d 423, 429 (Mo. banc 2017).[6]

---

[5] Movant's alleged claims as to the mishandling of his direct appeal by previously retained counsel are properly characterized as IAC claims as acknowledged and so pleaded by Movant in both his initial PCR motion and his amended PCR motion. Movant's "abandonment" characterization of these IAC claims when addressing the timeliness of the filing of his initial PCR motion is nothing more than a linguistic allusion to the abandonment exception as an excuse for not filing his initial PCR motion within the time required by Rule 29.15(b) without citation to any legal authority supporting the application of that exception in this context. The abandonment exception, however, does not apply to excuse the untimely filing of an initial PCR motion in any context, ***Price***, 422 S.W.3d at 301, including alleged ineffective representation by counsel, *id*. at 300 (citing ***Bullard v. State***, 853 S.W.2d 921, 922-23 (Mo. banc 1993)). Movant's belated citation to and purported reliance upon ***Robinson v. Wyrick***, 635 F.2d 757 (8th Cir. 1981) in his reply brief is misplaced. Nothing in that case addressed the Rule 29.15(b) time limits or the applicability of the abandonment exception to potentially excuse compliance with those time limits.

[6] Our supreme court in ***Watson*** recognized a third exception limited to "when the circuit court misinforms a defendant about the appropriate deadlines to file his or her motion during the sentencing colloquy." 520 S.W.3d at 434. Movant does not reference this ***Watson*** exception in either his initial or amended PCR motion. He does,

In his reply brief, Movant contends that his amended PCR motion actually alleged a third-party interference exception claim, rather than an abandonment exception claim. As his purported justification for this facially apparent shift in position, Movant attributes all of his previous references to "abandonment" in these and the underlying proceedings to a "transposition error" stemming from the use of the term "abandonment" by all parties and the motion court at Movant's evidentiary hearing. Assuming, without deciding, that such a "transposition error" occurred, Movant nevertheless failed to plead a factual basis in his amended PCR motion for the application of the third-party exception here.

To come within the active interference by a third party exception, Movant was required to plead and prove that: (1) he prepared his initial motion and did all that he reasonably could to ensure that it was filed on time; and (2) the late filing of the initial PCR motion resulted solely from the active interference of a third party beyond the movant's control. *Price*, 422 S.W.3d at 307.

Movant asserts that his allegations as to the inactions of his previously retained counsel in failing to file an initial PCR motion on Movant's behalf support the application of the active interference of a third party exception. They do not. *See id.* at 302 (by retaining counsel for the purpose of preparing and filing an initial PCR motion, movant "took the same risk that every

---

however, assert that one of the "rare circumstances" of his case is that the sentencing court "did not inform [Movant] of the Form 40 and/or the deadlines he faced for filing his Form 40." This allegation does not implicate the *Watson* exception, however, because it does not allege that Movant was misinformed about those deadlines by the circuit court. *See McNabb v. State*, no. SD36139, slip op. at *3 (Mo.App. July 23, 2020) ("The facts here show only that the sentencing court failed to inform McNabb about the filing deadline for his Rule 29.15 motion. Therefore, under existing law, McNabb did not plead and prove that he fell within a recognized exception to the mandatory timing requirement in Rule 29.15(b) for his *pro se* motion."). Moreover, as Movant concedes in his reply brief, the record shows that after the circuit court pronounced his sentence, Movant acknowledged to the circuit court in writing his Rule 29.15 rights, including an accurate recital of the Rule 29.15(b) deadlines for filing an initial PCR motion. Movant told the circuit court under oath that his counsel had gone over the acknowledgment with him and that he had signed the acknowledgement in his counsel's presence. The written acknowledgment was admitted into evidence by the circuit court.

9

other civil litigant takes when retaining counsel, i.e., he chose to substitute counsel's performance for his own and bound himself to the former as though it were the latter" and in that context the "active interference" exception does not apply).

Movant's amended PCR motion alleges no facts supporting that he prepared his initial PCR motion at any time during the 90 days after mandate was issued in *McDaniel 1*, that he did all that he reasonably could to ensure the timely filing of his prepared motion during that period, or that a third party beyond Movant's control actively interfered with Movant's timely filing of his prepared motion.[7] *See id.* at 307. As such, Movant failed to allege facts necessary to support the application of the "active interference by a third party exception" to the time limits of Rule 29.15(b). *See Henson*, 518 S.W. 3d at 834.[8]

## Decision

For the foregoing reasons, we determine that Movant's initial PCR motion was not timely filed as required by Rule 29.15(b). Therefore, the motion court lacked the authority to review the merits of Movant's amended PCR motion and should have dismissed both as untimely. *Brooks*, 516 S.W.3d at 445. The motion court's judgment is vacated and the cause is remanded with directions to dismiss Movant's initial and amended PCR motions.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[7] With regard to Movant's allegations alleging a lack of access to Form 40 while in federal custody, "Missouri case law is clear that there is no requirement that a person be in Missouri custody, much less in the custody of [DOC], to institute proceedings under Rule 29.15. *Watson*, 520 S.W.3d at 432.

[8] Although the failure to plead facts supporting a recognized exception to the Rule 29.15(b) time limit necessarily dooms Movant's excuse for not timely filing his initial PCR motion under the third-party inference exception, *see Dorris*, 360 S.W.3d at 267 (movant must plead *and* prove he or she falls within a recognized exception to time limits), we note that Movant also failed to adduce any substantial evidence during the evidentiary hearing on his amended PCR motion that would have supported a factual finding that he prepared his initial PCR motion during the 90 days after mandate issued in *McDaniel 1*.